NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODTRAVION WOODS, | No. 14-56195 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-05524-JFW-SS |
| v. | |
| W. L. MONTGOMERY, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted April 12, 2023
San Francisco, California

Before: S.R. THOMAS, PAEZ, and CHRISTEN, Circuit Judges.

Rodtravion Woods, a California state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas petition (§ 2254 petition) challenging his

convictions for attempted first degree murder, shooting from a motor vehicle, and

being a felon in possession of a firearm. We granted a certificate of appealability

on two issues and have jurisdiction to consider Woods's appeal pursuant to 28

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. §§ 1291 and 2253(a). We affirm the district court's denial of the petition.

We review de novo the district court's denial of a § 2254 petition. *Balbuena v. Sullivan*, 980 F.3d 619, 628 (9th Cir. 2020) (citation omitted). Our review is constrained by the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) as to "any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). A federal court may only grant habeas relief if the state court's ruling was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

1. In his supplemental brief, Woods argues that we should grant his separate application to file a second or successive petition, stay this appeal, and permit him to file a motion, in the district court, to reopen and amend his original petition. We deny Woods's application to file a second or successive petition in a separate memorandum disposition filed simultaneously with this order because Woods fails to show that "the factual predicate for [his claims] could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i).

2. The district court denied Woods's § 2254 petition in which he alleged that his trial counsel rendered ineffective assistance under *Strickland v. Washington*,

466 U.S. 668 (1984) by failing to impeach Delorian Forman, the victim and only testifying eyewitness to the shooting, with his prior conviction for making criminal threats. A petitioner raising an ineffective assistance claim "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. Prejudice exists when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Woods did not raise this ineffective assistance claim until he filed a post-conviction petition with the California Supreme Court. That court summarily denied the petition. A summary denial from the California Supreme Court is considered an adjudication on the merits for AEDPA purposes, *Cullen v. Pinholster*, 563 U.S. 170, 187–88 & n.12 (2011), and AEDPA requires that Woods show "there was no reasonable basis for the state court to deny relief," *Demetrulias v. Davis*, 14 F.4th 898, 906 (9th Cir. 2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 98 (2011)).

The California Supreme Court could have reasonably concluded that Woods was not prejudiced by his trial counsel's failure to impeach Forman with his criminal threats conviction. The jury heard from Forman that he was a gang member and that he had to be taken into custody to secure his testimony at trial. Additionally, the California Supreme Court could have relied on Forman's

3

consistent accounts of the shooting and the cell phone records that undermined Woods's alibi.[1]

3. Woods also argues that trial counsel was ineffective because he failed to impeach Forman with his prior statement to Anthony Jones identifying another person as the shooter. Because Woods raised this claim before the state courts, we "look through" to the last reasoned state court decision addressing its merits—here, the California Court of Appeal's opinion on direct review—and read the California Supreme Court's unexplained order rejecting the claim to rest upon the same ground. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).[2]

The California Court of Appeal determined that trial counsel's deficient performance was not prejudicial because: (1) Forman's account of the shooting

---

[1] Woods argues that Forman later executed a declaration in which he recanted his identification of the shooter. We are limited to considering the record that was before the state court when it denied Woods's application for post-conviction relief, and Forman's declaration and subsequent testimony were not before the state court at that time. *See Pinholster*, 563 U.S. at 181–82. Further, when the declaration and related evidence was admitted at the state-court exhaustion proceeding, Forman again identified Woods as the shooter, and the court found that his testimony was credible.

[2] We reject the State's suggestion that the look-through presumption is rebutted in this case. *See, e.g.*, *Flemming v. Matteson*, 26 F.4th 1136, 1143–44 (9th Cir. 2022) (rejecting argument that the presumption is rebutted by "internal state procedures for a state supreme court indicating that its summary, unreasoned orders do *not* adopt the lower court's rationale"); *Wilson*, 138 S. Ct. at 1196 (providing examples of circumstances that may be sufficient to rebut the presumption).

4

was "stable and resolute"; and (2) Woods's alibi defense was fatally undermined by T-Mobile records showing the location of Woods's cellular phone. On this record, we cannot say that the state court erred by concluding that Woods failed to establish a reasonable probability that the proffered impeachment evidence would have affected the verdict.

**AFFIRMED.**